# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

* * * * * * * * * * * * * * * * * * * *
MARY NEWCOMB as executrix
of the ESTATE OF ANDREW
TIDD,

           Petitioner,

v.

SECRETARY OF HEALTH
AND HUMAN SERVICES,

           Respondent.
* * * * * * * * * * * * * * * * * * * *

No. 18-1393V
Special Master Christian J. Moran

Filed: June 11, 2021

Attorneys' Fees and Costs

Jessica E. Choper, Britcher Leone, L.L.C., Glen Rock, NJ, for Petitioner;
Julia M. Collison, United States Dep't of Justice, Washington, DC, for Respondent.

## UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

Pending before the Court is petitioner Mary Newcomb's motion for final attorneys' fees and costs. She is awarded **$19,803.00**.

\* \* \*

---

[1] Because this published decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). This posting means the decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

On September 13, 2018, petitioner, as executrix of the estate of Andrew Tidd, filed for compensation under the Nation Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 through 34. Petitioner alleged that influenza vaccine Mr. Tidd received on September 17, 2016, which is contained in the Vaccine Injury Table, 42 C.F.R. §100.3(a), caused him to suffer myocarditis and death. On February 11, 2020, the parties filed a stipulation, which the undersigned adopted as his decision awarding compensation on the same day. 2020 Fed. Cl. 1491780 (Fed. Cl. Spec. Mstr. Feb. 11, 2020).

On December 2, 2020, petitioner filed a motion for final attorneys' fees and costs ("Fees App."). Petitioner requests attorneys' fees of $15,921.00 and attorneys' costs of $6,382.00 for a total request of $22,303.00. Fees App. at 4. Pursuant to General Order No. 9, petitioner warrants that she has not personally incurred any costs related to the prosecution of her case. Id. On December 21, 2020, respondent filed a response to petitioner's motion. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." Response at 1. Respondent adds, however that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Id at 2. Additionally, he recommends "that the Court exercise its discretion" when determining a reasonable award for attorneys' fees and costs. Id. at 3. Petitioner did not file a reply thereafter.

\* \* \*

Because petitioner received compensation, she is entitled to an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300aa–15(e). Thus, the question at bar is whether the requested amount is reasonable.

The Vaccine Act permits an award of reasonable attorney's fees and costs. §15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. This is a two-step process. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008). First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. Id. at 1348. Here, because the lodestar process yields a reasonable result, no additional adjustments are required. Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness. See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018)

A. Reasonable Hourly Rates

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation. Avera, 515 F.3d at 1349. There is, however, an exception (the so-called Davis County exception) to this general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower. Id. 1349 (citing Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)). In this case, all the attorneys' work was done outside of the District of Columbia.

Petitioner requests that her attorney, Ms. Jessica Choper, be compensated at $400.00 per hour for all work performed in this case, from 2018-2020. These rates have previously been found reasonable by the Court for Ms. Choper's Vaccine Program work and the undersigned finds them to be reasonable herein for work performed in the instant case. See, e.g., Levine v. Sec'y of Health & Human Servs., No. 19-351V, 2021 WL 688570 (Fed. Cl. Spec. Mstr. Jan. 6, 2021) (awarding Ms. Choper $400.00 per hour for her work performed in that case).

B. Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary. See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable.

The undersigned has reviewed the submitted billing entries and finds the request to be largely reasonable. Upon review, only small reductions are necessary. First, Ms. Choper filed an ineffective motion to redact, which probably should not have been filed at all. Consequently, one hour ($400.00) is removed. In addition, Ms. Choper's paralegal billed for administrative tasks such as filing documents. Upon review, a reasonable reduction for this issue is $300.00. Petitioner is therefore awarded final attorneys' fees of $15,221.00.

C. Costs Incurred

Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994). Petitioner requests a total of $6,382.00 in attorneys' costs. Most of this amount is attributable to work performed by petitioner's medical expert, Dr. Stephen Factor, a cardiovascular pathologist. Dr. Factor billed a total of 12 hours at an hourly rate of $500.00 per hour.

In an Order filed on December 8, 2020, the undersigned directed petitioner to review what was required to support a request for reimbursement of expert costs, specifically noting that petitioner should include "support as to the reasonableness of an expert's proposed hourly rate." Order at 1. Despite this request, petitioner has not provided any evidence supporting $500.00 per hour as a reasonable rate for Dr. Factor. Thus, the undersigned will draw on his experience to determine a reasonable hourly rate for Dr. Factor's work in this case. Previously, the undersigned has found that $380.00 per hour was a reasonable hourly rate for a neuropathologist. Nichols v. Sec'y of Health & Human Servs., No. 08-654V, 2018 WL 4391064 (Fed. Cl. Spec. Mstr. Aug. 21, 2018); see also Porter v. Sec'y of Health & Human Servs., No. 18-132V, 2020 WL 6705553, at *3 (Fed. Cl. Spec. Mstr. Oct. 22, 2020) (awarding the same neuropathologist $400.00 per hour for more recent work).

While this provides a reasonable baseline for the hourly rate of a pathologist, other factors play a role in determining a reasonable rate. For example, the neuropathologist retained in Nichols and Porter has filed reports in several Vaccine Program cases and has demonstrated Vaccine Program experience. This is relevant in determining an hourly rate because a more experienced medical expert will likely be able to prepare a report in less time than an inexperienced expert while knowing how to make their argument responsive to the unique requirements of litigation in this court, such as the *Althen* factors. In this case, petitioner has offered no evidence as to any prior Vaccine Program experience of Dr. Factor and an independent search performed by the undersigned did not uncover any prior experience.

A doctor's overall experience and credentials may also play a role in determining a reasonable hourly rate. However, in the instant case, a full picture of Dr. Factor's credentials is not available. Although Dr. Factor's report contains a brief summary of his background, a full CV was never filed into the record by petitioner. An independent search performed by the undersigned did not yield any relevant additional information beyond what was already contained in Dr. Factor's report.

Overall, based upon Dr. Factor's submitted report and the information (or lack thereof) available to the undersigned, a reasonable hourly rate for Dr. Factor's work in this case is $350.00 per hour. Therefore, a reasonable amount for Dr. Factor's work in this case is $4,200.00.

The remainder of the requested costs are for acquisition of medical records and shall be fully reimbursed. Petitioner is therefore awarded final attorneys' costs of $4,582.00.

      E.    <u>Conclusion</u>

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, I award a total of **$19,803.00** (representing $15,221.00 in attorneys' fees and $4,582.00 in attorneys' costs) as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel, Ms. Jessica Choper.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

      **IT IS SO ORDERED**.

<u>s/Christian J. Moran</u><br>
Christian J. Moran<br>
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.